WOLLMAN, Circuit Judge,
dissenting.
The ALJ noted Phillips’s date of birth and cited 20 C.F.R. § 404.1563. Likewise, the Appeals Council specifically mentioned Phillips’s date of birth, finding that she was 54 years old, which perforce rendered her a person closely approaching advanced age at the time of the ALJ’s decision. These references satisfy me that both the ALJ and the Appeals Council considered the use of the older age category in determining that Phillips was not disabled.
Although the majority opinion attempts to minimize the necessity of detailed findings in every “closely approaching advanced age” case (“a mere statement by the Commissioner that he considered the borderline situation would likely suffice”) we can be sure that unsuccessful claimants will not agree. Indeed, the thrust, if not the specific holding, of the majority opinion is that specific findings will be required in the vast majority of these cases. In the abstract, this may be a desirable result. After all, the Social Security Administration has apparently been able to live with the requirements imposed by the Third and the Tenth Circuits in Kane and Daniels. Whether such findings are required by the relevant statutes and regulations is another matter, however, and, on the basis of the record before us, I would not require a more explicit explanation of the ALJ’s and the Appeals Council’s decision not to move Phillips into the higher catego *708 ry. Accordingly, I respectfully dissent from the majority’s holding to the contrary.